IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHN DEPAULA,

      Plaintiff,

v.                               Cause No. 6:14-cv-00252

EASTER SEALS EL MIRADOR, a
corporation,

      Defendant.

## NOTICE OF REMOVAL

      This action, originally filed in the First Judicial District Court, Santa Fe County, New Mexico as No. CV-2014-00368 (the "State Court Lawsuit"), is hereby removed to the United States District Court for the District of New Mexico by Defendant Easter Seals El Mirador.  In support of removal, Defendant sets forth the following:

      1.     On February 12, 2014, Plaintiff filed his "Complaint for Damages for Violations of the New Mexico Human Rights Act, Wrongful/Retaliation Discharge, Breach of Covenant of Good Faith and Fair Dealing, Negligent Retention and Supervision, Intentional Interference with Business Relations and *Prima Facie* Tort" in the First Judicial District Court, County of Santa Fe, State of New Mexico.  That action is now pending in the First Judicial District Court as No. CV-2014-00368.

      2.     Plaintiff completed service of process on Defendant Easter Seals El Mirador, through service of the complaint on February 18, 2014.  A copy of that complaint is attached to this Notice of Removal as part of Exhibit A.

3.     Fewer than 30 days have passed since Defendant received the initial pleading on February 18, 2014.

4.     The named defendant in this case, Easter Seals El Mirador, seeks removal of this case to Federal Court.

5.     In his complaint, at paragraphs 63, 64, 65, 106 and 107, Plaintiff alleges that he was the victim of unlawful retaliation for having taken Family Medical Leave, a cause of action recognized only in federal law, 29 U.S.C §§ 2601 et. seq. (2009). Accordingly, this action may be removed to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§ 1441 and 1446.

6.     Complete copies of all process, pleadings, and orders served upon Defendants in the State Court Lawsuit are attached hereto as Exhibit A.

7.     A Civil Cover Sheet is attached as Exhibit B.

8.     A copy of this Notice is being served on the Clerk of the First Judicial District Court, Santa Fe County, New Mexico.

                    Respectfully submitted,

                    MILLER STRATVERT P.A.


                    By_/s/ Paula G. Maynes_____
                       Paula G. Maynes
                       *Attorneys for Defendant ESEM*
                       P.O. Box 1986
                       Santa Fe, New Mexico 87504
                       Telephone: (505) 989-9614
                       Facsimile:  (505) 989-9857

I HEREBY CERTIFY that a true and
correct copy of the foregoing was
mailed on this 14th day of March, 2014 to:

**Attorney for Plaintiff**
M. Karen Kilgore
Cuddy & MCCarthy, LLP
Post Office Box 4160
Santa Fe, New Mexico 87502-4160
kkilgore@cuddymccarthy.com
(505) 988-4476
(505) 954-7373 *facsimile*


 /s/ Paula G. Maynes
Paula G. Maynes



\\Abq-tamarack\ProData\009326-045875\Pleadings\2417842.docx

3

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/12/2014 5:19:13 PM
STEPHEN T. PACHECO

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. ~~D-101-2014-~~ D-101-CV-2014-00368 _____

JOHN DEPAULA.

      Plaintiff,

   v.

EASTER SEALS EL MIRADOR, a
corporation;

      Defendant.

### COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE NEW MEXICO HUMAN RIGHTS ACT, WRONGFUL/RETALIATORY DISCHARGE, BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING, NEGLIGENT RETENTION AND SUPERVISION, INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS AND PRIMA FACIE TORT

      COMES NOW Plaintiff John DePaula, by and through his attorneys, Cuddy &

McCarthy, LLP (M. Karen Kilgore) and hereby brings this Complaint for damages for violations

of the New Mexico Human Rights Act, including employment discrimination based on age and

gender and retaliation and discrimination based on association with individuals who were

disabled or had a serious medical condition; wrongful and/or retaliatory discharge, breach of the

covenant of good faith and fair dealing, negligent retention and supervision, intentional

interference with business relations and prima facie tort.



## Parties, Jurisdiction and Venue

1.      Plaintiff John DePaula is an individual who resides in Espanola, County of Rio Arriba, State of New Mexico.

2.      Mr. DePaula is a male, currently age 60, and at all times relevant hereto was over the age of 40.

3.      Mr. DePaula was employed by Easter Seals El Mirador ("ESEM") or its predecessor, Santa Maria El Mirador, for over 21 years.

4.      During his employment, Mr. DePaula associated with ESEM employee, Ken Quintana who suffered from a serious medical condition (cancer) during his employment with ESEM. Mr. DePaula supervised, advised and supported Ken Quintana and complained about the unfair treatment of Ken Quintana by ESEM.

5.      Mr. DePaula also associated with his elderly parents, both of whom are disabled and have serious medical conditions.

6.      In order to care for his mother who was diagnosed with dementia, Mr. DePaula applied for and was granted family medical leave and/or accrued leave in March 2012 and before he returned ESEM eliminated Plaintiff's position and terminated Plaintiff.

7.      Upon information and belief, Defendant Easter Seals El Mirador is a New Mexico Nonprofit Corporation (Corp. #1858141) registered to do business and actively doing business in Santa Fe County and Rio Arriba County, New Mexico with its principal place of business at 2041 S. Pacheco Ste. 100, Santa Fe, New Mexico 87505. Defendant ESEM's agent for service of process is Mark Johnson, at 10 A-Van-Nu-Po, Santa Fe, New Mexico 87508.

8.      At all relevant times, Defendant ESEM provided certain employment, medical, personal and social adjustment, and residential services to developmentally disabled

2

adults and behavioral health services to children at facilities in Santa Fe County, Rio Arriba County and Taos County in New Mexico.

9.    At all times relevant Defendant ESEM had fifty or more employees.

10.    On March 15, 2013, Plaintiff filed a Charge of Discrimination with the New Mexico Department of Workforce Solutions, Human Rights Bureau and EEOC ("HRD") alleging discrimination based on the basis of his age and gender and retaliation.

11.    On April 24, 2013 Plaintiff filed an Amendment to Complaint of Discrimination alleging ESEM's violation of the ADA, ESEM's discriminatory actions in discharging Plaintiff because of his association with two individuals who are disabled and that ESEM retaliated against Plaintiff by firing him for taking FMLA leave and/or accrued leave to care for his parents.

12.    On November 8, 2013, the HRD issued its Determination of Probable Cause finding that sufficient evidence exists to believe that Plaintiff was discriminated against on the basis of disability (association with a person with a disability), and scheduled a formal hearing for March 12 and 13, 2014.

13.    Pursuant to 28-1-10(J) NMSA 1978, Plaintiff timely requested a waiver of right to hearing on January 6, 2014.

14.    On January 15, 2014 the HRD issued its Notice of Waiver of Hearing pursuant to 28-1-10(J) NMSA 1978, waiving the March 12 and 13, 2014 hearing and thereby allowing Mr. DePaula to pursue his discrimination and retaliation claim in this Court.

15.    On November 8, 2013, the HRD also issued its Determination of No Probable Cause as to Mr. DePaula's claims of discrimination on the basis of his gender or age and retaliation. This law suit constitutes an appeal of the Determination of No Probable Cause.

3

16.     Pursuant to §28-1-10(J) and 28-1-13 NMSA 1978, Mr. DePaula has exhausted his administrative remedies.

17.     This Court has jurisdiction over the subject matter of this litigation.

18.     Venue is proper in the district because the discriminatory practices and other acts complained of occurred in the County of Santa Fe and Rio Arriba County, New Mexico.

Allegations Common to All Claims

19.     Defendant ESEM's predecessor, Santa Maria El Mirador, hired Plaintiff in 1990 and Plaintiff continued to work at ESEM in various positions until he was terminated in June 2012.

20.     Mr. DePaula has a Bachelors degree from the University of New Mexico and Masters degree from St. John's College.

21.     Plaintiff began as La Movida Program Director where he was responsible for program development and oversight of all community based services delivered to 50 developmentally disabled adults throughout northern New Mexico.  Mr. DePaula also developed proposals and negotiated contracts with the New Mexico Department of Health for delivery of services and ensured management and training of approximately 90 individuals, including direct care, and management staff so that services were delivered according to state-mandated standards.

22.     For approximately 19 years, from 1992 to 2011, Mr. DePaula served as the Deputy Director of Program and Clinical Services, developing and overseeing all community based services delivered to approximately 130 developmentally disabled adults in northern New

4

Mexico and ensuring management and training of approximately 200 direct care and 40 management staff.

23.     In July 2011, Mr. DePaula became the Director of Clinical Services for Developmental Disabilities for ESEM. In this position his responsibilities included coordination of all developmentally disabled-related clinical services, in-house and contract, and the oversight and negotiation of clinical service contracts. He served in this capacity until February of 2012.

24.     Mr. DePaula performed the functions of his positions at the various ESEM facilities in Santa Fe and other areas in Northern New Mexico.

25.     ESEM's Chief Executive Officer, Mark Johnson was Mr. DePaula's supervisor for approximately 20 years until January of 2012.

26.     In the Spring 2011, ESEM hired Patsy Romero and in January 2012 Ms. Romero became ESEM's new Chief Operating Officer and also became Plaintiff's supervisor.

27.     In early February 2012, ESEM revised the job description for the Director of Clinical Services for Developmental Disabilities position. Mr. DePaula was never provided with a new job description for his position.

28.     In March 2012, Mr. DePaula was transferred to a newly created position of Risk Management Investigator.     Plaintiff was informed that a job description was forthcoming; however, Plaintiff never received a finalized job description for this new position.

29.     Throughout his employment with ESEM, Mr. DePaula consistently received positive performance reviews, promotions to positions with greater responsibility, as well as training for the functions of his various positions.

5

30.     Upon information and belief, by agreement with ESEM, Ms. Romero represented ESEM in dealings with third persons, transacted business, managed the day-to-day affairs of ESEM and/or performed services for ESEM.

31.     ESEM had the right to control the manner in which the details of Ms. Romero's services were to be performed at the time of the occurrences alleged in this Complaint.

32.     When Ms. Romero was hired by ESEM, she began a systematic dismantling of ESEM's management team.

33.     Ms. Romero's tactics included discrimination, retaliation, humiliation, harassment, threats, workplace bullying and creating a hostile work environment against many ESEM managers over the age of 40 who had been with ESEM for many years.

34.     Most of these managers were male. Ms. Romero criticized and yelled at Mr. DePaula without regard for circumstances, reduced his salary by approximately $8,000.00 per year without precedent and without warning, claiming that this salary reduction was for a penalty assessed against ESEM for which she blamed Mr. DePaula. Ms. Romero provided no formal documentation regarding Mr. DePaula's allegedly blameworthy conduct nor did she cite agency policy which supported her action.

35.     Ms. Romero demoted and/or reassigned Mr. DePaula to positions for which he received no job descriptions, forcing these significant position adjustments on him because she felt he did not have the credentials to do his job. On the contrary, Mr. DePaula's credentials had been sufficient for over 20 years of his employment with ESEM and for several years of his employment with the State of New Mexico.

36.     Ms. Romero simply asserted *post hoc* justification for moving Mr. DePaula into a newly created position she planned to eliminate.

6

37. In March 2012 when Ms. Romero drastically cut Mr. DePaula's salary, she spoke with him about increasing his involvement in ESEM's Incident Management System, which is the process that investigates internal allegations of abuse, neglect, and exploitation.

38. Ken Quintana was the Incident Management Coordinator and at various times was supervised by Mr. DePaula. In the Summer of 2011, Mr. Quintana was diagnosed with cancer, and he was taking family medical leave intermittently.

39. Consequently, Ms. Romero asked Mr. DePaula to conduct the investigations and reports because he had the training to do doing so. Mr. DePaula agreed to accept that additional duty.

40. Defendant, through Ms. Romero, subjected Mr. DePaula to pervasive harassment, abusive commentary and innuendo, aggressive intimidation, sabotage, and false accusations of inadequate work.

41. In addition, Mr. DePaula witnessed Ms. Romero's harassment and abuse of other employees at ESEM, including Ken Quintana, and Mr. DePaula felt obligated to defend and support his colleagues and to complain to ESEM on their behalf.

42. ESEM and Ms. Romero did not behave in this egregious manner to similarly situated employees who were not males, not over the age of forty, who did not have a serious medical condition or a disability or who did not associate with individuals and/or ESEM employees who had a serious medical condition or disability.

43. On information and belief, ESEM had policies and procedures which required it to investigate workplace complaints of discrimination, harassment and retaliation.

44. Mr. DePaula complained to ESEM Human Resources of Ms. Romero's unfair treatment of him, as well as of other employees, including Ken Quintana.

7

45.     On information and belief, no investigation was conducted by ESEM into Mr. DePaula's complaints.

46.     Plaintiff communicated with ESEM's Human Resources staff and others informing them of his concern that ESEM through Ms. Romero would fire Ken Quintana if he took time off for cancer treatment.

47.     On information and belief, no action was taken by ESEM in response to Mr. DePaula's communication with ESEM's Human Resources department.

48.     ESEM, through Ms. Romero, retaliated against Mr. DePaula for bringing his concerns to ESEM supervisors and/or to the Human Resources department.

49.     Several other employees of ESEM over the age of forty resigned due to mistreatment by Ms. Romero or were fired by her.

50.     On March 19, 2012, Mr. DePaula applied for family medical leave in order to care for his elderly parents during upcoming surgeries and recovery. Mr. DePaula was placed on FMLA leave concurrent with paid leave beginning on Friday, March 30, 2012, through Friday, June 29, 2012. Mr. DePaula received approval of his request for FMLA leave to care for his mother, who was diagnosed with dementia. According to Anke Mihales, who was ESEM's Human Resources Manager at the time, Mr. DePaula's anticipated date of return was June 29, 2012.

51.     On March 20, 2012 Plaintiff made a written complaint against Ms. Romero.

52.     On April 24, 2013, Mr. DePaula emailed Ms. Romero and copied ESEM CEO Mark Johnson, ESEM Human Resources Manager Anke Mihales and others updating them on his mother's hospital stay, requesting permission to continue using the ESEM cellphone and

referencing his returning to work. Again Plaintiff updated ESEM on his mother's situation and also stated "I spoke with Anke (HR Manager) last week and she said my last day of FML is June 29th." Plaintiff then requested an additional 5 days of leave.

53.   On June 21, 2012, Mr. DePaula sent an email to Patsy Romero, and ESEM's new HR Manager entitled Return to Work requesting an extension of his leave through the Fourth of July holiday due to ongoing family medical issues.

54.   Mr. DePaula had accrued leave in reserve to cover this additional requested leave. Plaintiff did not receive a reply to his request until he received a termination letter dated June 25, 2012 in which ESEM agreed that Plaintiff had accrued leave and agreed to pay Plaintiff for "another" week, though apparently only through June 29, 2012. Plaintiff was not paid after June 29, 2012 and was never paid for any additional accrued leave.

55.   Minutes of a June 21, 2012 ESEM Senior Management Meeting report states that the Risk Management position was eliminated.

56.   On Monday, June 25, 2012, Ms. Romero sent a letter to Mr. DePaula terminating his employment effective June 29, 2012.

57.   Meanwhile, on June 26, 2012, Mr. DePaula discovered that his ESEM cellular telephone no longer had service. When he contacted Ms. Romero to ask about cellular phone service, she stated that Mr. DePaula's position had ended and his services were no longer required. She stated further that Mr. DePaula earned too much money and she did not know what to do with him.

58.   The letter from Ms. Romero stated that the reason for Mr. DePaula's termination was that ESEM had decided to eliminate the position of Risk Manager, which was the newly created position into which Plaintiff was transferred in March 2012.

9

59.    The termination letter elaborated that as ESEM was in the process of budget-cutting and cost-saving, it was determined that there was no need for a separate, stand-alone risk manager for the organization. The letter then describes, inaccurately, several alleged 2009 performance problems that apparently were the "impetus" for the decision to "create" a position for Mr. DePaula, at a reduced salary.

60.    Contrary to the assertions in Ms. Romero's June 25, 2012 letter regarding ESEM's "budget cutting and cost saving in order to live within its projected revenues and cash flow," in Minutes of an April 19, 2012 ESEM Senior Management Meeting, ESEM CEO Mark Johnson went on record stating that ESEM was breaking even in the first quarter of 2012.

61.    An ESEM employee has made a written statement that ESEM's HR Manager purposely placed a call on speaker so this employee could overhear Ms. Romero state that she wanted to "get rid of and fire John DePaula and Ken Quintana." Several ESEM employees recall that during the time Plaintiff was on family medical leave, Ms. Romero stated many times that "John DePaula is gone and he is not coming back here."

62.    ESEM's policies stated that:

F. Employee Status After Leave

1. An employee who takes leave under this policy will be able to return to the same job classification or a job with equivalent pay, benefits and other employment terms. The position will be the same classification or one which entails substantially equivalent skills, effort, responsibility and authority. Employees are not guaranteed the same shift. If an employee does not return to work within 2 days after exhausting FMLA, he/she will be terminated and will have to re-apply for any available positions, when given a full medical release.

2. ESEM may choose to exempt certain highly compensated employees from this requirement and not return them to the same or similar position.

10

63.     In the Risk Manager position at a reduced salary, Plaintiff was not a highly compensated employee exempted from the policy requirements. Moreover, ESEM did not use its policy as a reason for firing Plaintiff in the June 25, 2012 termination letter. . ESEM failed to protect Mr. DePaula's and Mr. Quintana's positions during their FMLA leave and Mr. DePaula was not offered another position or severance pay.

64.     Plaintiff and Ken Quintana were terminated during the same week. At the same time, Ms. Romero hired a new person, Jennifer Wadley (an Anglo woman under 40 years of age), assigning to Ms. Wadley the duties of Director of Training, Incident Manager Coordinator and Risk Manager. This hire occurred even though ESEM informed Plaintiff in writing that the Rick Manager position was eliminated. This hiring occurred even though both Mr. DePaula and Ken Quintana (who was also fired while on FMLA leave) were qualified to perform the Incident Manager Coordinator and Risk Manager responsibilities. Indeed, Mr. DePaula had written the grant for the funding of the Training Institute, and had supervised the training staff for two years recently and for ten years prior to that particular grant. In hiring Ms. Wadley, Ms. Romero disregarded Mr. DePaula's experience and familiarity with all three of the assignments given to Ms. Wadley.

65.     ESEM's pattern of retaliation against employees who exercised their right to FMLA leave is evidenced by ESEM firing Mr. DePaula, Ken Quintana and Mitch Schmidt during or after taking FMLA leave and constructively discharging Brenda Martinez after her FMLA leave for a serious medical condition. All of these individuals are over 40 years old and all have been with ESEM for five years or more.

66.    Mr. DePaula planned to work at ESEM for another 11 or 12 years or until he was 70 years old.  Plaintiff's intention of ongoing service with ESEM was stated as a result of a direct query by the Chief Executive Officer of ESEM at a management retreat in 2008.

## COUNT 1
## GENDER DISCRIMINATION UNDER NMHRA

67.    Plaintiff incorporates the allegations set forth in paragraphs 1-63 of this Complaint, as though restated in their entirety.

68.    Plaintiff hereby appeals the decision of the New Mexico Human Rights Bureau pursuant to §28-1-13(A) NMSA 1978.

69.    Pursuant to NMSA 1978 §28-1-7(A) an employer may not discriminate against an employee based on gender.

70.    Mr. DePaula belongs to a class protected by the New Mexico Human Rights Act ("NMHRA"), § 28-1-7(A), in that he is male.

71.    Mr. DePaula was qualified for his position and able to do the job.

72.    Mr. DePaula was discriminated against and treated less favorably than others not in the protected class.

73.    Mr. DePaula suffered adverse employment actions: ESEM  intentionally and maliciously reduced his salary, demoted him to a position which was going to be and was eliminated, discriminated against him in matters of compensation terms, conditions, benefits and privileges of employment harassed him, created a hostile work environment for male employees and fired him.

12

74. Despite informing Plaintiff in writing that his position was eliminated, ESEM hired a female to perform Plaintiff's duties.

75. Plaintiff's gender was a motivating factor in Defendant's reducing Plaintiff's salary, demoting him, discriminating against him in matters of compensation terms, conditions, and privileges of employment, harassing Plaintiff and creating a hostile work environment and firing Mr. DePaula.

76. As a direct result of Defendant's intentional and malicious discrimination against him, Mr. DePaula suffered damages and continues to incur damages including actual damages, nominal and compensatory damages, loss of benefits, consequential damages and costs in an amount to be proven at trial.

77. As a direct result of ESEM's intentional and malicious discriminatory practices, Plaintiff has accrued attorneys' fees that he is entitled to recover under the New Mexico Human Rights Act.

## COUNT II
## AGE DISCRIMINATION UNDER NMHRA

78. Mr. DePaula incorporates the allegations set forth in paragraphs 1-74 of this complaint, as though restated in their entirety.

79. Plaintiff hereby appeals the decision of the New Mexico Human Rights Bureau pursuant to §28-1-13(A) NMSA 1978.

80. Pursuant to NMSA 1978 §28-1-7(A) an employer may not discriminate against an employee based on age.

81. Mr. DePaula belongs to a class protected by the NMRHA because at all times relevant he was over forty years of age.

13

82.   Mr. DePaula was qualified for his position and able to do the job.

83.   Mr. DePaula was treated less favorably than others not in the protected class.

84.   Mr. DePaula suffered adverse employment actions: ESEM intentionally and maliciously reduced his salary, demoted him, discriminated against him in matters of compensation terms, conditions, and privileges of employment, harassed him and created a hostile work environment for employees over 40 years of age and fired Plaintiff.

85.   At all times relevant, ESEM was aware of Mr. DePaula's status as a member of a protected class.

86.   Mr. DePaula's age was a motivating factor in Defendant's reducing Plaintiff's salary, demoting him, discriminating in matters of compensation, terms, conditions, and privileges of employment, harassed him and created a hostile work environment and firing Plaintiff.

87.   Despite informing Plaintiff in writing that his position was eliminated, ESEM hired a younger female to perform Plaintiff's duties.

88.   As a direct result of Defendant's intentional and malicious discrimination against him, Mr. DePaula suffered damages and continues to incur damages including actual damages, nominal, punitive and compensatory damages, loss of benefits, consequential damages and costs in an amount to be proven at trial.

89.   As a result of ESEM's discriminatory practices, Plaintiff has accrued attorneys' fees that he is entitled to recover under the New Mexico Human Rights Act.

**COUNT III**
## DISCRIMINATION BASED ON ASSOCIATION WITH A PERSON WITH A DISABILITY/ SERIOUS MEDICAL CONDITION

90.    Mr. DePaula incorporates the allegations set forth in paragraphs 1-86 of this complaint, as though restated in their entirety.

91.    Pursuant to NMSA 1978 §28-1-7(A) an employer may not discriminate against an employee based on disability or serious medical condition, including association with a person with a disability. The NMHRD made a probable cause determination of discrimination on this basis.

92.    Mr. DePaula belongs to a class protected by the NMRHA because at all times relevant he was associated with individuals with a disability.

93.    ESEM targeted and fired several employees with serious medical conditions, including Ken Quintana.

94.    ESEM discriminated against and fired Plaintiff because he advised, supported and defended an ESEM employee who had a serious medical condition and because Plaintiff took leave to assist his elderly mother who suffers with dementia with medical procedures and recovery.

95.    Mr. DePaula was qualified for his position and able to do the job.

96.    Mr. DePaula was treated less favorably than others not in the protected class.

97.    Mr. DePaula suffered adverse employment actions: ESEM intentionally and maliciously reduced his salary, demoted him, discriminated against him in matters of compensation terms, conditions, and privileges of employment, harassed him and created a

15

hostile work environment for employees with serious medical conditions and/or disabilities for employees who associated with individuals with a disability and fired Plaintiff.

98.     At all times relevant, ESEM was aware of Mr. DePaula's status as a member of a protected class.

99.     Mr. DePaula's association was a motivating factor in Defendant's reducing Plaintiff's salary, demoting him, discriminating in matters of compensation, terms, conditions, and privileges of employment, harassed him and created a hostile work environment and firing Plaintiff.

100.    Despite informing Plaintiff in writing that his position was eliminated, ESEM hired a younger female to perform Plaintiff's duties.

101.    As a direct result of Defendant's intentional and malicious discrimination against him, Mr. DePaula suffered damages and continues to incur damages including actual damages, nominal and compensatory damages, loss of benefits, consequential damages and costs in an amount to be proven at trial.

102.    As a direct result of ESEM's intentional and malicious discriminatory practices, Plaintiff has accrued attorneys' fees that he is entitled to recover under the New Mexico Human Rights Act.

### COUNT IV
### RETALIATION UNDER NMHRA

103.    Mr. DePaula incorporates the allegations set forth in paragraphs 1-98 of this complaint, as though restated in their entirety.

104.    Plaintiff engaged in protected activity, including but not limited to, reporting discrimination, retaliation, harassment and hostile work environment to ESEM.

16

105.    Mr. DePaula engaged in protected activity including but not limited to, requesting benefits and reasonable accommodation for employees with serious medical conditions/disabilities pursuant to the New Mexico Human Rights Act, §28-1-7(J) NMSA 1978.

106.    Mr. DePaula engaged in protected activity, including but not limited to, requesting leave under FMLA and accrued leave to which he was entitled.

107.    Instead, ESEM intentionally and maliciously reduced Plaintiff's salary, demoted him, denied him benefits, then terminated his employment, which were tangible, significant, harmful changes in the conditions of employment with a causal connection between the Plaintiff's protected activities and the Defendant's adverse actions.

108.    Mr. DePaula's termination was retaliatory insofar as the termination was contravention of the clear mandate of the New Mexico Human Rights Act.

109.    Mr. DePaula is therefore entitled to compensatory damages, nominal damages, loss of benefits, medical costs, emotional distress damages and other damages in an amount to be proven at trial, and an award of his attorneys' fees.

## COUNT V
## WRONGFUL/RETALIATORY DISCHARGE

110.    Mr. DePaula incorporates the allegations set forth in paragraphs 1-106 of this complaint, as though restated in their entirety.

111.    Plaintiff engaged in protected activity including but not limited to, requesting leave under FMLA and accrued sick leave in order to care for his mother who was diagnosed with dementia and cataracts.

112.    Mr. DePaula's termination was wrongful and/or retaliatory insofar as the termination was in contravention of clear public policy against retaliation against an employee

17

for requesting and taking family medical leave and/or accrued leave to which the employee is entitled.

113.    ESEM intentionally and maliciously terminated Mr. DePaula's employment wrongfully, willfully, wantonly, and in reckless disregard for his rights.

114.    Mr. DePaula is therefore entitled to punitive damages, compensatory damages, nominal damages, loss of benefits, medical costs, emotional distress damages and other damages in an amount to be proven at trial, and an award of his attorneys' fees.

## COUNT VI
## BREACH OF COVENANT OF GOOD FAILTH AND FAIR DEALING

115.    Mr. DePaula hereby adopts and incorporates by reference paragraphs 1 through 112 as set forth above.

116.    Upon inquiry by ESEM, Plaintiff informed ESEM that he intended to work at ESEM until he was 70 years of age.

117.    ESEM employment policies and procedures were provided to employees, including Plaintiff which required that ESEM comply with state law and with the policies themselves. The law imposes duties on Defendant ESEM and its agents to act fairly and in good faith towards its employees, including Plaintiff.

118.    Mr. DePaula had a reasonable expectation of continued employment and relied upon ESEM following its policies and procedures, that ESEM would not discharge him for other than just cause, that ESEM would honor Plaintiff's leave time and follow its policies regarding returning Plaintiff to the same or similar position when Plaintiff returned from leave. His reliance was reasonably foreseeable to ESEM and Plaintiff suffered a detriment as a result of his reliance on ESEM's express or implied promises.

18

119.   Mr. DePaula has suffered damages because Defendant ESEM breached the covenant of good faith and fair dealing implied in the employment agreement between ESEM and Plaintiff.

120.   As a direct and proximate result of Defendant ESEM's conduct, Mr. DePaula suffered damages including, but not limited to, lost wages, consequential damages including expenses incurred in seeking other employment, lost profit shares, medical costs, insurance costs, pain and suffering, mental, emotional, and psychological distress.

## COUNT VII
## NEGLIGENT RETENTION AND SUPERVISION

121.   Mr. DePaula incorporates the allegations set forth in paragraphs 1-118 of this Complaint, as though restated in their entirety.

122.   Defendant ESEM hired and retained Patsy Romero as a consultant and later put her in a high level managerial position as Chief Operating Officer, and in both she was in a position to cause harm to others employed by ESEM, including Mr. DePaula.

123.   As Ms. Romero's employer, Defendant ESEM owed Mr. DePaula a duty to exercise supervisory control over Ms. Romero to prevent her from engaging in reasonably foreseeable harmful acts to ESEM employees, including Mr. DePaula.

124.   Defendant ESEM knew or should have known that there was a likelihood that Ms. Romero was unfit for the positions she held based on its knowledge of her conduct and her propensity to commit discriminatory, harassing, retaliatory, offensive and harmful acts.

125.   It was reasonably foreseeable to Defendant ESEM that Mr. DePaula would be harmed by the actions of its employee, Ms. Romero. Because Mr. DePaula was an

19

employee of ESEM, there is a close connection between Mr. DePaula and Defendant ESEM and its agents.

126.    Defendant ESEM was negligent or reckless in its retention and supervision of its employee Ms. Romero in that it retained Ms. Romero in a position where she could discriminate, harass, retaliate, intimidate and harm Mr. DePaula and other ESEM employees even after ESEM knew or should have known of her propensity to do so, thereby proximately causing harm to Mr. DePaula.

127.    Defendant ESEM acted negligently or recklessly in failing to take steps to prevent the harm caused by its employee Ms. Romero.

128.    Defendant ESEM is liable to Mr. DePaula for the harm proximately caused by its breach of duty.

## COUNT VIII
## INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS

129.    Mr. DePaula hereby adopts and incorporates by reference paragraphs 1 through 126 as set forth above.

130.    Defendants ESEM intentionally and improperly interfered with Mr. DePaula's prospective business relations with future employers.

131.    Defendants ESEM intentionally and improperly induced or otherwise caused other potential employers to refuse to enter into an employment relationship with Mr. DePaula and thereby deprived Mr. DePaula of the ability to mitigate damages and to receive the salary and benefits he would have enjoyed if ESEM had not intentionally interfered with the potential employment relationship.

20

132.    Defendant is liable for the harm to Mr. DePaula resulting from the intentional interference with potential business relations.

133.    Mr. DePaula is entitled to all remedies and relief available under state law, including punitive damages for the intentional and/or malicious acts of ESEM.

134.    As a direct and proximate result of ESEM's conduct, Mr. DePaula suffered damages including, but not limited to, economic losses, lost wages and benefits, humiliation, pain and suffering, mental, emotional and psychological distress.

## COUNT IX
## PRIMA FACIE TORT (ALTERNATIVE CHARGE)

135.    Mr. DePaula hereby adopts and incorporates by reference paragraphs 1 through 132 as set forth above.

136.    Defendant ESEM intentionally engaged in lawful conduct or omissions toward Mr. DePaula.

137.    Defendant ESEM intended to injure Mr. DePaula or knew that it was reasonably certain that Mr. DePaula would be injured by its lawful acts or omissions.

138.    Defendant's acts or omissions were a cause of harm to Mr. DePaula.

139.    Defendant's acts or omissions were not justifiable under all the circumstances.

140.    Mr. DePaula suffered injuries and damages as a result of Defendant ESEM's acts or omissions.

141.    Mr. DePaula is entitled to all remedies and relief available under state law, including punitive damages for the willful, wanton, and intentional acts and omissions of Defendant ESEM that constituted prima facie tort.

21

WHREFORE, Plaintiff John DePaula respectfully requests judgment in his favor and an award against Defendant to include economic losses, lost wages and benefits, future lost earnings, lost profit shares, consequential, actual, compensatory, special and punitive damages including costs associated with looking for work; damages for mental anguish, pain and suffering; damages; pre- and post- judgment interest and reasonable attorney fees and costs incurred in this action.

Respectfully submitted:

CUDDY & McCARTHY, LLP

By:

M. KAREN KILGORE
Attorneys for Plaintiff
Post Office Box 4160
Santa Fe, New Mexico 87502-4160
(505) 988-4476
(505) 9547373 Facsimile
kkilgore@cuddymccarthy.com

22

## VERIFICATION

STATE OF NEW MEXICO   )
                        ) ss.
COUNTY OF SANTA FE   )

      I, John DePaula, being first duly sworn upon my oath, depose and state that I am the

Plaintiff in the Complaint in the above-entitled cause; that I have read the same, know the contents

thereof, and that the matters and things therein set forth are true to my own knowledge, save where

the same are or must of necessity be set forth upon information and belief, and as to those

statements I believe the same to be true.

                                      _____
                                       JOHN DEPAULA

      On this 11th day of February, 2014, personally appeared John DePaula personally known to me or identified through satisfactory evidence, being duly sworn, swore to me that the foregoing instrument is true and correct and that he executed the same in his authorized capacity, and that by his signature on the instrument the person or the entity upon behalf of which the person acted executed the instrument.



                 _____
                 Signature of Notary Public

                 _____
                 Printed Name of Notary Public

                 My Commission Expires: __3/26/2014__

1

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/13/2014 4:16:29 PM
STEPHEN T. PACHECO

LMP

STATE OF NEW MEXICO
COUNTY OF SANTA FE
FIRST JUDICIAL DISTRICT COURT

No. D-101-2014-00368


JOHN DEPAULA,

        Plaintiff,

   v.

EASTER SEALS EL MIRADOR, a
Corporation,

        Defendant.


## JURY DEMAND

      COMES NOW the Plaintiff, by and through counsel, Cuddy & McCarthy, LLP, and

pursuant to Rule 1-038(B)(3) NMRA 2008 hereby submit their demand for a jury of six (6)

persons and deposit the amount of $150.00 with the Clerk of the First Judicial District Court.

                      Respectfully submitted,

                      CUDDY & McCARTHY, LLP

                      By: _____
                         M. KAREN KILGORE
                         Attorneys for Plaintiff
                         Post Office Box 4160
                         Santa Fe, New Mexico 87502-4160
                         (505) 988-4476
                         (505) 954-7373 (Fax)

# ISSUED

## SUMMONS

| | |
|---|---|
| District Court: FIRST JUDICIAL<br>Santa Fe County, New Mexico<br>Court Address:<br>Post Office Box 2268 / 100 S. Catron<br>Santa Fe, New Mexico  87504 / 87501<br>Court Telephone No.: 505-455-8250 | Case Number:D-101-CV-2014-00368<br><br>Assigned Judge: Francis J. Mathew |
| Plaintiff(s): John DePaula<br><br>v.<br><br>Defendant(s): Easter Seals El Mirador | Defendant<br>Name:    Easter Seals El Mirador<br>          c/o Mark Johnson<br>Address:  10 A Van Nu Po<br>          Santa Fe, New Mexico 87508 |

**TO THE ABOVE NAMED DEFENDANT(S)**: Take notice that

1.      A lawsuit has been filed against you. A copy of the lawsuit is attached. The Court issued this Summons.

2.      You must respond to this lawsuit in writing. You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons. (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits. To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer. You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 17th day of February, 2014.



STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
       Deputy

M. Karen Kilgore
P.O. Box 4160
Santa Fe, New Mexico 87502-4160
505-988-4476

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

## RETURN[1]

STATE OF NEW MEXICO   )
                      )ss
COUNTY OF SANTA FE    )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**(check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts a copy of summons and complaint or refuses to accept the summons and complaint*)

[ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]   to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]   to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]   to _____, an agent authorized to receive service of process for defendant _____.

[ ]   to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]    to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: _____

_____
Signature of person making service
_____
Title (*if any*)

Subscribed and sworn to before me this _____ day of _____, _____ [2]

_____
Judge, notary or other officer
authorized to administer oaths
_____
Official title

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

FILED IN MY OFFICE
DISTRICT COURT CLERK
2/26/2014 3:26:46 PM
STEPHEN T. PACHECO
MRN

### SUMMONS

| District Court: FIRST JUDICIAL | Case Number:D-101-CV-2014-00368 |
|---|---|
| Santa Fe County, New Mexico | |
| Court Address: | |
| Post Office Box 2268 / 100 S. Catron | Assigned Judge: Francis J. Mathew |
| Santa Fe, New Mexico   87504 / 87501 | |
| Court Telephone No.: 505-455-8250 | |
| Plaintiff(s): John DePaula<br><br>v.<br><br>Defendant(s): Easter Seals El Mirador | Defendant<br>Name:     Easter Seals El Mirador<br>             c/o Mark Johnson<br>Address: 10 A Van Nu Po<br>             Santa Fe, New Mexico 87508 |

### TO THE ABOVE NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Santa Fe, New Mexico, this 17th day of February, 2014.

STEPHEN T. PACHECO
CLERK OF THE DISTRICT COURT

BY: _____
        Deputy

M. Karen Kilgore
P.O. Box 4160
Santa Fe, New Mexico 87502-4160
505-988-4476

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

# RETURN[1]

STATE OF NEW MEXICO )
                      )ss
COUNTY OF SANTA FE )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe county on the 18th day of February, 2014, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

**[X]      to the defendant Easter Seals El Mirador's Agent, Mark Johnson through his assistant, Mary McFadden.**

**and**

**[X]      to the defendant Easter Seals El Mirador's Agent, Mark Johnson by US Certified Mail No. 70130600000186604051 as provided by Rule 1-004 NMRA.**

After attempting to serve the summons and complaint on the defendant by personal service or by mail or commercial courier service, by delivering a copy of this summons, with a copy of complaint attached, in the following manner:

[ ]      to _____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) a copy of the summons and complaint.

[ ]      to _____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) and by mailing the summons and complaint by first class mail to the defendant at _____ (*insert defendant's last known mailing address*).

[ ]      to _____, an agent authorized to receive service of process for defendant _____.

[ ]      to _____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an incompetent person*).

[ ]     to _____ (*name of person*), _____, (*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $30.00 _____

_____
Signature of person making service

*process server*
Title (*if any*)

Subscribed and sworn to before me this *14th* day of *Feb*, 20*14*

*Melinda S. Salazar*
Judge, notary or other officer
authorized to administer oaths

*Notary*

USE NOTE

1. Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.

2. If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John DePaula | Easter Seals El Mirador |

| (b) County of Residence of First Listed Plaintiff _____ <br> *(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant : Santa Fe, New Mexico <br> *(IN U.S. PLAINTIFF CASES ONLY)* <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF <br> THE TRACT OF LAND INVOLVED. |
|---|---|
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* <br> M. Karen Kilgore, Cuddy & McCarthy, LLP, Post Office Box 4160, Santa <br> Fe, New Mexico 87502-4160; (505) 988-4476 | Attorneys *(If Known)* <br> Paula G. Maynes, Miller Stratvert, P.A., 200 West DeVargas, Suite 9, <br> Santa Fe, New Mexico 87501; (505) 989-9614 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

❐ 2  U.S. Government
Defendant

❐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❐ 1 | Incorporated *or* Principal Place <br> of Business In This State | ❐ 4 | ☒ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated *and* Principal Place <br> of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a <br> Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance <br> ❐ 120 Marine <br> ❐ 130 Miller Act <br> ❐ 140 Negotiable Instrument <br> ❐ 150 Recovery of Overpayment <br> & Enforcement of Judgment <br> ❐ 151 Medicare Act <br> ❐ 152 Recovery of Defaulted <br> Student Loans <br> (Excludes Veterans) <br> ❐ 153 Recovery of Overpayment <br> of Veteran's Benefits <br> ❐ 160 Stockholders' Suits <br> ❐ 190 Other Contract <br> ❐ 195 Contract Product Liability <br> ❐ 196 Franchise | **PERSONAL INJURY** <br> ❐ 310 Airplane <br> ❐ 315 Airplane Product <br> Liability <br> ❐ 320 Assault, Libel & <br> Slander <br> ❐ 330 Federal Employers' <br> Liability <br> ❐ 340 Marine <br> ❐ 345 Marine Product <br> Liability <br> ❐ 350 Motor Vehicle <br> ❐ 355 Motor Vehicle <br> Product Liability <br> ❐ 360 Other Personal <br> Injury <br> ❐ 362 Personal Injury - <br> Medical Malpractice | **PERSONAL INJURY** <br> ❐ 365 Personal Injury - <br> Product Liability <br> ❐ 367 Health Care/ <br> Pharmaceutical <br> Personal Injury <br> Product Liability <br> ❐ 368 Asbestos Personal <br> Injury Product <br> Liability <br> **PERSONAL PROPERTY** <br> ❐ 370 Other Fraud <br> ❐ 371 Truth in Lending <br> ❐ 380 Other Personal <br> Property Damage <br> ❐ 385 Property Damage <br> Product Liability | ❐ 625 Drug Related Seizure <br> of Property 21 USC 881 <br> ❐ 690 Other <br><br><br><br> **LABOR** <br> ❐ 710 Fair Labor Standards <br> Act <br> ❐ 720 Labor/Management <br> Relations <br> ❐ 740 Railway Labor Act <br> ☒ 751 Family and Medical <br> Leave Act <br> ❐ 790 Other Labor Litigation <br> ❐ 791 Employee Retirement <br> Income Security Act | ❐ 422 Appeal 28 USC 158 <br> ❐ 423 Withdrawal <br> 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ❐ 820 Copyrights <br> ❐ 830 Patent <br> ❐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ❐ 861 HIA (1395ff) <br> ❐ 862 Black Lung (923) <br> ❐ 863 DIWC/DIWW (405(g)) <br> ❐ 864 SSID Title XVI <br> ❐ 865 RSI (405(g)) | ❐ 375 False Claims Act <br> ❐ 400 State Reapportionment <br> ❐ 410 Antitrust <br> ❐ 430 Banks and Banking <br> ❐ 450 Commerce <br> ❐ 460 Deportation <br> ❐ 470 Racketeer Influenced and <br> Corrupt Organizations <br> ❐ 480 Consumer Credit <br> ❐ 490 Cable/Sat TV <br> ❐ 850 Securities/Commodities/ <br> Exchange <br> ❐ 890 Other Statutory Actions <br> ❐ 891 Agricultural Acts <br> ❐ 893 Environmental Matters <br> ❐ 895 Freedom of Information <br> Act <br> ❐ 896 Arbitration |
| **REAL PROPERTY** <br> ❐ 210 Land Condemnation <br> ❐ 220 Foreclosure <br> ❐ 230 Rent Lease & Ejectment <br> ❐ 240 Torts to Land <br> ❐ 245 Tort Product Liability <br> ❐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ❐ 440 Other Civil Rights <br> ❐ 441 Voting <br> ❐ 442 Employment <br> ❐ 443 Housing/ <br> Accommodations <br> ❐ 445 Amer. w/Disabilities - <br> Employment <br> ❐ 446 Amer. w/Disabilities - <br> Other <br> ❐ 448 Education | **PRISONER PETITIONS** <br> **Habeas Corpus:** <br> ❐ 463 Alien Detainee <br> ❐ 510 Motions to Vacate <br> Sentence <br> ❐ 530 General <br> ❐ 535 Death Penalty <br> **Other:** <br> ❐ 540 Mandamus & Other <br> ❐ 550 Civil Rights <br> ❐ 555 Prison Condition <br> ❐ 560 Civil Detainee - <br> Conditions of <br> Confinement | **IMMIGRATION** <br> ❐ 462 Naturalization Application <br> ❐ 465 Other Immigration <br> Actions | **FEDERAL TAX SUITS** <br> ❐ 870 Taxes (U.S. Plaintiff <br> or Defendant) <br> ❐ 871 IRS—Third Party <br> 26 USC 7609 | ❐ 899 Administrative Procedure <br> Act/Review or Appeal of <br> Agency Decision <br> ❐ 950 Constitutionality of <br> State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

❐ 1 Original
Proceeding

☒ 2 Removed from
State Court

❐ 3 Remanded from
Appellate Court

❐ 4 Reinstated or
Reopened

❐ 5 Transferred from
Another District
*(specify)*

❐ 6 Multidistrict
Litigation

| VI. CAUSE OF ACTION | Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: <br> 29 U.S.C § 2601 et. seq. (2009) Family Medical Leave Act of 1993 <br> Brief description of cause: <br> Civil Employment Case alleging retaliation for exercise of FMLA rights, violations of NM HRA, prima facie tort |
|---|---|

| VII. REQUESTED IN <br> COMPLAINT: | ❐ CHECK IF THIS IS A CLASS ACTION <br> UNDER RULE 23, F.R.Cv.P. | DEMAND $ | CHECK YES only if demanded in complaint: <br> JURY DEMAND: ☒ Yes ❐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) <br> IF ANY | *(See instructions:)* | JUDGE _____ | DOCKET NUMBER _____ |
|---|---|---|---|

| DATE <br> 3-14-14 | SIGNATURE OF ATTORNEY OF RECORD <br> *[signature]* |
|---|---|

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JU____

EXHIBIT

*[exhibit stamp]*