IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN DEPAULA,

    Plaintiff,

v.                                        No. 14-CV-252 MCA/SCY

EASTER SEALS EL MIRADOR,

a corporation,

    Defendant.

## ORDER

    Defendant has filed a *Motion to Dismiss* in this case, in which he argues that Plaintiff failed to timely file his Complaint in accordance with N.M.S.A. 1978, § 28-1-13(A) (2005). [Doc. 22, pp. 1, 4] Defendant has attached documentation outside of the pleadings for the Court to consider in ruling on its argument. [Docs. 22-1 to 22-2] In his *Response*, Plaintiff submitted additional documents outside of the pleadings for the Court to consider in ruling on Defendant's *Motion to Dismiss*. [Docs. 26-1 to 26-2]

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

    The Court hereby notifies the parties that, only with regard to Defendant's argument that Plaintiff has not timely filed his claims under the New Mexico Human

Rights Act,[1] made in *Defendant Easter Seals El Mirador's Motion to Dismiss and Supporting Memorandum of Law* [Doc. 22], the Court intends to convert the *Motion to Dismiss* into a motion for summary judgment under Federal Rule of Civil Procedure 56.[2] *See Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986) ("In cases where the district court intends to convert the motion, the court should give the parties notice of the changed status of the motion and thereby provide the parties to the proceeding the opportunity to present to the court all material made pertinent to such motion by Rule 56." (Internal quotation marks and citation omitted.)).

The Court hereby provides each part with the opportunity to respond to the changed status of the motion with submissions of supplemental evidence and argument.[3] In addition, because Plaintiff has not provided documentation or evidence of when he received his *Determination of Probable/No Probable Cause*, Plaintiff is ordered to

---

[1] With regard to Defendant's second argument made in its *Motion to Dismiss*, the Court will not convert the *Motion to Dismiss* into a motion for summary judgment and will not consider additional evidence or argument.

[2] Alternatively, if Defendant's argument as to Plaintiff's failure to timely file his complaint is considered to raise the issue of subject matter jurisdiction, Defendant's Motion should be considered pursuant to Federal Rule of Civil Procedure 12(b)(1). *See Trobaugh v. United States*, 35 Fed.Appx. 812, 814 (10th Cir. 2002) (unpublished decision) (considering the failure to file a claim within the statute of limitations set by the Federal Tort Claims Act under Federal Rule of Civil Procedure 12(b)(1)). Where a motion to dismiss attacks the factual basis of subject-matter jurisdiction, this Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Holt v. United States,* 46 F.3d 1000, 1003 (10th Cir. 1995).

[3] If either party requires additional time to conduct discovery on this matter, such party must file a motion with this Court outlining what additional discovery is needed and why it is necessary.

supplement the record with evidence of the date he received the *Determination of Probable/No Probable Cause*.[4]

**IT IS THEREFORE HEREBY ORDERED** that Plaintiff submit the additional evidence described above, and each party may submit any further Supplemental Briefs and evidence, within fourteen (14) days of the date of this Order.

**SO ORDERED** this 8th day of January, 2015 in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief Judge, United States District Court

---

[4] While Plaintiff's attorney argues that Plaintiff's Complaint was filed "within ninety (90) days from Plaintiff's receipt" of the *Notice of Probable/No Probable Cause*, [Doc. 26, p. 2] Plaintiff must point to materials in the record establishing that he filed his Complaint within ninety days of receipt. Fed. R. Civ. P. 56(c)(1)(A).